HARRIS, J.
On the eve of trial, appellant’s co-defendant, Bass, turned and agreed to testify concerning the charge that she and appellant had committed the offense of grand theft auto. After a Richardson hearing, the court permitted Bass to testify.
The victim testified that she had loaned the car to Bass, her step-daughter, to run some errands which should have taken no more than two hours. When the car was not returned overnight, the victim reported the ear stolen. Two weeks later, it was found in Ocala with appellant driving and Bass with him. Appellant jumped from the car and ran off.
Appellant urges that the court’s permitting Bass to testify with less than 24 hours notice was prejudicial error in that appellant did not have the opportunity to get certified copies of Bass’ criminal convictions. Further, even though the deposition of Bass could be taken before trial, there would not be time to have it transcribed for impeachment. The State responds that a defendant should always consider a co-defendant to be a possible witness, but that the State has no way of knowing when an accused might agree to a plea and therefore cannot list' them as witnesses.
Whether or not it was error in this case not to have listed Bass as a witness, we find any possible error to be harmless. The victim’s testimony that appellant had no consent to have possession of her vehicle was somewhat corroborated by appellant’s flight when the vehicle was stopped. See Randall v. State, 760 So.2d 892, 900 (Fla.2000). All Bass did at trial was to confirm that she and appellant had no authority to have the vehicle. Bass further admitted to a felony record but could not remember all of the offenses. Under these facts, we find no reversible error.
AFFIRMED.
W. SHARP, and GRIFFIN, JJ., concur.